UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**Angela Maye**

        **Plaintiff,**

vs.

**Shannon Enterprises of Western New York, Inc.**

        **Defendant.**

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff, Angela Maye, complaining by her attorney, Gary M. Phillips, Esq. of Phillips Law Firm, P.C., alleges the following as her complaint against Shannon Enterprises of Western New York, Inc.:

**Nature of the Action**

1. Plaintiff, Angela Maye ("Ms. Maye"), brings this civil action seeking declaratory relief, monetary damages, and affirmative relief based upon Shannon Enterprises of Western New York, Inc.'s ("Shannon Enterprises") violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 ("Title VII"), 42 U.S.C. § 1981 (Section 1981), and New York Human Rights Law, N.Y. Exec. Law §§ 290-297 ("HRL").

2. Ms. Maye contends that Shannon Enterprises engaged in discrimination, disparate treatment, harassment, and retaliation, and took adverse employment actions against her, and subjected her to a hostile work environment and constructive termination, based upon her race and gender.

**Jurisdiction and Venue**

3. Jurisdiction is conferred upon this United States District Court by the statutes mentioned above, as well as 28 U.S.C. §§ 1331, 1343, 1367, and 2202.

4. Venue is proper under 28 U.S.C. § 1391.

**Parties**

5. Ms. Maye is a Black female and is a member of protected classes within the meaning of Title VII, Section 1981, and HRL.

6. Upon information and belief, Shannon Enterprises is a business corporation formed in the State of New York with its principal place of business located at 75 Main Street, North Tonawanda, New York, 14120.

**Exhaustion of Administrative Remedies**

7. Ms. Maye filed a formal charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about December 28, 2015. The charge was numbered 525-2016-00163 and alleged race and sex discrimination. The EEOC issued a determination letter on April 21, 2016, stating it was unable to conclude that violations of statutes occurred, and providing Ms. Maye with the right to sue.

**Factual Allegations**

8. Ms. Maye became employed by Shannon Enterprises in or about August 2008. Throughout her employment at Shannon Enterprises, she was a production technician working as a seamstress.

9. In or about February 2015, and continuing through her constructive termination on or about January 15, 2016, Ms. Maye was subjected to unwelcome whistling, gestures, and sounds from her male coworker David Sikora.

10. On or about February 17, 2015, Ms. Maye brought a complaint to her direct supervisor, Cheryl Schrader, regarding Mr. Sikora's behavior. Ms. Maye described the behavior as Mr. Sikora making eye contact with her by raising his eyebrows, leering at her, and whistling

in a sexually provocative manner as she passed him on her way to the restroom. Ms. Maye also told Ms. Schrader that Mr. Sikora continued whistling at her while she used the restroom and as she passed him after leaving the restroom.

11. Ms. Maye continued to bring complaints to Ms. Schrader from about February 17, 2015 through November 2015. During this time period, Ms. Schrader told Ms. Maye that she was relaying the complaints to her supervisor, Steve Ulm. Ms. Schrader also told Ms. Maye that she believed Mr. Ulm was not doing anything about the harassment and that Shannon Enterprises would get into trouble for this type of behavior.

12. Essentially, Ms. Maye's complaints were ignored. There are a number of individuals who were employed by Shannon Enterprises in 2015 who witnessed the harassing behavior towards Ms. Maye.

13. In November 2015, the harassment toward Ms. Maye built to her breaking point. She complained again to Ms. Schrader, telling her that this was harassment, and she was tired of being harassed when she needed to use the restroom. Ms. Schrader responded that she already spoke with Mr. Ulm about it and nothing was being done. It was only after this point that Shannon Enterprises started to take action, which was wholly inadequate. Mr. Sikora continued to engage in the behavior described above.

14. On or about January 15, 2016, after taking inadequate action to stop Mr. Sikora from harassing Ms. Maye, which continued through this day, Ms. Maye was constructively terminated by Shannon Enterprises.

## First Cause of Action

## Sex Discrimination Under Title VII

15. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 14 of this Complaint with the same force and effect as though fully set forth herein.

16. At all relevant times, Ms. Maye was a Black female employee within the meaning of Title VII, and Shannon Enterprises was an employer within the meaning of Title VII. Indeed, she was the only Black female employee.

17. Shannon Enterprises engaged in a pattern and practice of discrimination against Ms. Maye on the basis of sex in violation of Title VII by subjecting her to disparate treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

18. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

19. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

## Second Cause of Action

## Race Discrimination Under Title VII

20. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 19 of this Complaint with the same force and effect as though fully set forth herein.

21. At all relevant times, Ms. Maye was a Black female employee within the meaning of Title VII, and Shannon Enterprises was an employer within the meaning of Title VII. Indeed, she was the only Black female employee.

22. Shannon Enterprises engaged in a pattern and practice of harassment amounting to a hostile work environment on the basis of sex and race in violation of Title VII by subjecting her to disparate treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

23. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

24. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

### Third Cause of Action

### Hostile Work Environment Under Title VII

25. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 24 of this Complaint with the same force and effect as though fully set forth herein.

26. At all relevant times, Ms. Maye was a Black female employee within the meaning of Title VII, and Shannon Enterprises was an employer within the meaning of Title VII. Indeed, she was the only Black female employee.

27. Shannon Enterprises engaged in a pattern and practice of discrimination against Ms. Maye on the basis of race and sex in violation of Title VII by subjecting her to disparate

treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

28. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

29. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

### Fourth Cause of Action

### Race Discrimination Under Section 1981

30. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as though fully set forth herein.

31. At all relevant times, Ms. Maye was a Black female employee within the meaning of Title VII, and Shannon Enterprises was an employer within the meaning of Section 1981. Indeed, she was the only Black female employee.

32. Shannon Enterprises engaged in a pattern and practice of discrimination against Ms. Maye on the basis of race in violation of Section 1981 by subjecting her to disparate treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

33. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

34. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered

damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

## Fifth Cause of Action

## Sex Discrimination Under New York Human Rights Law, Executive Law § 296

35. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 34 of this Complaint with the same force and effect as though fully set forth herein.

36. At all relevant times, Ms. Maye was a Black female employee protected by Article 15 of the New York Executive Law § 296.

37. At all times relevant herein, Shannon Enterprises was acting under New York State law.

38. Shannon Enterprises engaged in a pattern and practice of discrimination against Ms. Maye on the basis of sex in violation of Article 15 of the New York Executive Law § 296 by subjecting her to disparate treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

39. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

40. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

**Sixth Cause of Action**

**Race Discrimination Under New York Human Rights Law, Executive Law § 296**

41. Ms. Maye repeats and realleges every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as though fully set forth herein.

42. At all relevant times, Ms. Maye was a Black female employee protected by Article 15 of the New York Executive Law § 296.

43. At all times relevant herein, Shannon Enterprises was acting under New York State law.

44. Shannon Enterprises engaged in a pattern and practice of discrimination against Ms. Maye on the basis of race in violation of Article 15 of the New York Executive Law § 296 by subjecting her to disparate treatment, which included discriminatory terms and conditions of employment and adverse employment actions including constructive termination.

45. Ms. Maye complained to Shannon Enterprises, but it failed to adequately supervise, control, discipline, or otherwise remedy the conduct of its employees.

46. As a direct result of Shannon Enterprises' acts set forth herein against Ms. Maye, Ms. Maye has lost past and future wages and other employment benefits, and has suffered damage to her reputation and severe and lasting embarrassment, humiliation, and anguish, and other incidental and consequential damages and expenses.

WHEREFORE, Plaintiff Angela Maye requests relief as follows:

    A. Enter judgment declaring the acts and practices of Shannon Enterprises to be in violation of the laws of the United States and the State of New York,

    B. Issue a permanent injunction ordering Shannon Enterprises to cease and desist from engaging in the illegal and unlawful acts and practices described herein,

C.  Award Ms. Maye the amount of wages, including fringe benefits, lost as a result of Shannon Enterprises' discrimination,

D.  Award Ms. Maye consequential damages for losses resulting from Shannon Enterprises' discrimination,

E.  Award Ms. Maye compensatory damages for losses resulting from Shannon Enterprises' discrimination,

F.  Award Ms. Maye punitive damages for losses resulting from Shannon Enterprises' discrimination, and

G.  Award Ms. Maye the cost of this action together with interest and attorney's fees.

Dated: July 18, 2016

/s/ Gary M. Phillips
Gary M. Phillips
112 Franklin Street
Buffalo, NY 14202
Tel: (716) 849-5915
Fax: (716) 849-0592
gary@phillipsphillipslaw.com
*Attorney for Plaintiff*